# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                          Criminal Action No. 1:11cr90

**ROBERT DALE RHODES,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Robert Dale Rhodes, in person and by counsel, Brian J. Kornbrath, appeared before me on February 8, 2012. The Government appeared by Assistant United States Attorney Zelda Wesley, substituting for AUSA David J. Perri.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Following the AUSA's summarization, the Court inquired as to the "waivers" contained in paragraph 12 of the written plea agreement. The Court stated on the record its interpretation of that paragraph was that Defendant was waiving his right under Title 18, United States Code, Section 3742, to directly appeal to the Fourth Circuit Court of Appeals if the sentence he receives is a 15 or lower total offense level based on the Uniform Sentencing Guidelines. In other words if Defendant's total sentence is equal to a guideline sentence with a total offense level of 15 or lower then he gives up his right of direct appeal, but if it's 16 or above, he retains his right with respect to a direct appeal. Under that same

provision, however, Defendant gives up his right to collaterally attack or challenge his sentence using a habeas motion filed under Title 28 United States Code, Section 2255, completely. The AUSA and defense counsel appearing both stated on the record they agreed with the Court's interpretation of the waiver paragraphs.

Defendant then stated that the agreement as summarized by counsel for the Government and as interpreted by the Court was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Robert Dale Rhodes, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with failure to update sex offender registration, in violation of Title 18, United States Code, section 2250(a).

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a term of not less than five (5) years and up to a lifetime term of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Do you understand that under paragraph 12, if the judge's actual sentence is equal to a guideline total offense level of 15 or lower, then you give up your right of direct appeal to the Fourth Circuit Court of Appeals within 14 days of the announcement of your sentence?

3

Def: I understand that, sir.

Ct: Do you also understand that if-- that your are giving up, I should say-- that you are giving up all right to collaterally attack your sentence, whatever that may be, within the statutory maximum, under 28 USC section 2255, commonly called a habeas corpus challenge?

Def: I understand that, sir.

Ct: That's gone, you understand that, provided your sentence is within the maximum.

Def: I understand.

Ct: And you're voluntarily giving up your limited rights under the direct appeal and totally giving up your collateral rights under the second paragraph of paragraph 12 of your written plea agreement?

Def: I understand that, sir.

Ct: And that's your own free and voluntary and knowing decision?

Def: Yes, sir.

From which colloquy the Court determined that Defendant understood his appellate rights and voluntarily gave them up pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on January 12, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and

4

no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Indictment and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised,

and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Robert Dale Rhodes, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court then heard the testimony of Government witness United States Deputy Marshal John Hare, who testified his duties include searching for fugitives and the investigation of registered sex offenders. The investigation of Defendant indicated that he was convicted of sexual assault and sex abuse by a parent, in Harrison County, West Virginia, in 1996. Pursuant to subsequent law he was required beginning to 1998, to register as a sex offender. He registered as a sex offender residing in West Virginia at that time. In March 2011, Defendant relocated from West Virginia and traveled to St. Croix, Virgin Islands, a United States territory, without updating his registration. Defendant did not register as a sex offender in St. Croix. He had not registered as a sex offender from mid-March 2011 through October 2011.

Defendant then stated he heard, understood and agreed with Deputy Marshal Hare's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count

One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Deputy Marshal Hare's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood his conditional waiver of his direct appeal rights and his complete waiver of his collateral attack rights. Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Marshal Hare, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in Count One of the Indictment and recommends he be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the continued custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: February 8, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE